| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO<br>Court Address:  1437 Bannock Street<br>                         Denver, CO 80202<br>Phone Number:  720-865-8301 | DATE FILED: November 22, 2019 10:39 AM<br>FILING ID: 5CCB0CBB4A8F7<br>CASE NUMBER: 2019CV33801 |
| Plaintiff(s):  JENNIFER LEELING and TONY LEELING<br><br>v.<br><br>Defendant(s):  WAL-MART STORES, INC., a foreign corporation, WALMART, INC., a foreign corporation, WAL-MART REAL ESTATE BUSINESS TRUST, a foreign corporation, WAL-MART ASSOCIATES, INC. a foreign corporation and JOHN AND JANE DOES 1-10. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiffs:<br>James L. Munafo Jr.<br>JAMES MUNAFO & ASSOCIATES, P.C.<br>19751 E. Mainstreet, Suite 355<br>Parker, CO 80138<br>Telephone: (303) 805-7430<br>Fax: (303) 805-0662<br>jamesmunafo@legalhelpcolorado.com<br>Attn. Reg. # 29991 | Case No.<br>2019CV33801<br><br>Courtroom: 269 |
| **FIRST AMENDED COMPLAINT AND JURY DEMAND** | |

Plaintiffs Jennifer Leeling and Tony Leeling, by and through their attorneys, James Munafo and Associates, P.C., James L. Munafo Jr., for their First Amended Complaint against the Defendants, Wal-Mart Stores, Inc., a foreign corporation, Walmart, Inc., a foreign corporation, Wal-Mart Real Estate Business Trust, a foreign corporation, Wal-Mart Associates, Inc., a foreign corporation and John and Jane Does 1-10 state and allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Jennifer Leeling (hereafter "Plaintiff Jennifer Leeling" or "Mrs. Leeling"), was at all times relevant hereto, is a citizen and resident of the County of Douglas, State of Colorado and had a residential address located at 11356 Lovage Way, City of Parker, Douglas County, Colorado 80134.

2. Plaintiff Tony Leeling (hereafter "Plaintiff Tony Leeling" or "Mr. Leeling"), was at all

1

times relevant hereto, is a citizen and resident of the County of Douglas, State of Colorado and had a residential address located at 11356 Lovage Way, City of Parker, Douglas County, Colorado 80134.

3. Upon information and belief, the Defendant Wal-Mart Stores, Inc. is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principle office located at 708 SW 8th Street, Bentonville, AR 72716.

4. Upon information and belief, the Defendant Walmart, Inc. is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principle office located at 708 SW 8th Street, Bentonville, AR 72716.

5. Upon information and belief, the Defendant Wal-Mart Real Estate Business Trust is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principle office located at 708 SW 8th Street, Bentonville, AR 72716.

6. Upon information and belief, the Defendant Wal-Mart Associates, Inc. is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principal office located at 708 SW 8th Street, Bentonville, AR 72716.

7. Upon information and belief, Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc. (hereafter "Defendants Walmart" or "Walmart") were landowners of real property located at Walmart Supercenter Store number 2892 with an address 11101 S. Parker Road, Parker, CO 80134 (hereafter "Premises").

8. Upon information and belief at all times relevant on or about November 5, 2017, Defendants Walmart were engaged in the business of operating a retail store, the property located at 11101 S. Parker Road, Parker, CO 80134, store number 2892.

9. Upon information and belief at all times relevant on or about November 5, 2017, Defendants Walmart were engaged in the business of operating retail stores at the following locations in the City and County of Denver:
    a. 9400 E. Hampden Avenue, Denver, Colorado 80231
    b. 7800 Smith Road, Denver, Colorado 802017
    c. 2770 W. Evans, Denver, Colorado 80219
    d. 5957 W. 44th Avenue, Denver, Colorado 80212
    e. 1442 S. Parker Road, Denver, CO 80231
    f. 5141 Chambers Road, Denver, CO 80239

2

10. Defendants Does 1-10 were entities, persons, employees and/or agents of Defendants Walmart who were acting in the course and scope of their employment or agency for Walmart and were responsible for or involved with maintenance, store cleaning, sweeping, and mopping of the Property located at 11101 S. Parker Road, Parker, CO 80134, store number 2892.  Plaintiffs reserves the right to substitute the actual names of the Defendants' entities, persons, employees and/or agents as they become known under the doctrines of negligence, agency, vicarious liability or respondeat superior.

11. The incident that forms the basis for this lawsuit occurred on or about November 5, 2017 and involves Plaintiff Jennifer Leeling's slip and fall whereby she suffered serious injuries that occurred inside the Walmart Super Center Store number 2892 in Douglas County located at 11101 S. Parker Road, Parker, CO 80134.

12. Venue is proper in the City and County of Denver pursuant to C.R.C.P. 98(c)

13. On or about November 5, 2017, Plaintiff Jennifer Leeling was lawfully on the Premises at 11101 S. Parker Road, Parker, CO 80134.

14. Jennifer Leeling entered the store to shop when she slipped and fell on water that had puddled on the floor.

15. Upon information and believe, Plaintiff Jennifer Leeling slipped and fell on a puddle of water that had accumulated from a leak in a floor cleaning machine or leak in a hose connected to a floor cleaning machine.

16. Walmart's video surveillance camera captured the slip and fall incident that occurred on November 5, 2017.

17. Walmart has video footage showing the slip and fall of Jennifer Leeling that occurred on November 5, 2017 in their possession.

18. At the time of the incident, water had puddled on the floor where customers traveled to enter and exit the Walmart store.

19. Water puddled on the floor where customers walked to enter and exit the store, created a risk of injury to Walmart customers.

20. Defendants Walmart created the risk of injury by allowing water to puddle on the floor in a walking area where customers would be expected to travel as they entered the store.

21. Defendants Walmart knew that customers would likely walk in the area where the water had accumulated on the floor.

3

22. Defendants Walmart expected that customers would walk in the area where the water had puddled on the floor.

23. Defendants Walmart had knowledge of the water puddle on the floor prior to Plaintiff Jennifer Leeling's slip and fall.

24. Walmart had the ability to place warning signs at the puddle site, prior to Jennifer Leeling slipping and falling.

25. Walmart had the ability to rope off the area around the puddle, prior to Jennifer Leeling slipping and falling.

26. Walmart had the ability to post an employee at the water puddle site to warn customers to avoid the water puddle, prior to Jennifer Leeling slipping and falling.

27. After creating the risk of injury by allowing water to puddle on the floor, Defendants Walmart failed to clean up the water in a timely manner.

28. Defendants Walmart knew, or should have known that water was leaking on the floor as the floor was being cleaned.

29. Defendants Walmart could have turned off the water flowing in the hose to the cleaning machine and prevented the puddle from forming.

30. After creating the risk of injury, Defendants Walmart failed to place caution signs warning of the dangerous condition presented by the wet floor.

31. After creating the risk of injury, Defendants Walmart failed to block off the area around the puddle.

32. After creating the risk of injury by allowing water to puddle on the travel path into and out of the store, Defendants Walmart failed to post an employee at the site to warn customers to avoid the water puddled on the floor.

33. After creating the risk of slipping on the puddled water, Defendants Walmart failed to take any action to warn customers of the puddled water on the floor.

34. At all times relevant hereto, Defendants Walmart were landowners in control and/or possession of the real property located at Walmart Superstore Store number 2892 address 11101 S. Parker Road, Parker, CO 80134.

35. At all times relevant hereto, Plaintiff Jennifer Leeling was a customer at the Walmart Supercenter Store number 2892 address 11101 S. Parker Road, Parker, CO 80134.

36. As a direct and proximate result of Defendants Walmart's negligence, Plaintiff Jennifer Leeling suffered serious injuries, emotional and physical injuries, damages and losses as a direct and proximate result of the conduct of Defendants Walmart.

37. As a direct and proximate result of the Defendants Walmart's failures, the Plaintiff Jennifer Leeling sustained damages including:

    a.  Temporary and permanent bodily injury, physical impairment and disfigurement;

    b.  Temporary and permanent physical pain and suffering;

    c.  Temporary and permanent mental pain, suffering, and distress and mental and emotional damage;

    d.  Temporary and permanent limitations of activities and diminution of her quality of life;

    e.  Temporary and permanent loss of earnings, earning capacity, employment benefits and retirement; and

    f.  Past, present and future medication, medical, rehabilitation and other healthcare and employability related expenses as a result of the injuries sustained in the subject incident.

38. At the time of the incident, Plaintiffs Jennifer and Tony Leeling were married as husband and wife.

39. As a direct and proximate result of Defendants Walmart's negligence, Plaintiff Tony Leeling suffered a loss of the love, comfort, affection, society, aid, household services and companionship of his wife, Jennifer Leeling and will continue to suffer said losses in the future.

### FIRST CLAIM FOR RELIEF
**(C.R.S. § 13-21-115) against landowners Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc.**

40. Plaintiffs hereby incorporate by reference each and every paragraph of this Complaint into this claim for relief as if set forth verbatim.

41. At all times relevant hereto, Defendants Walmart were "landowners" as defined in C.R.S. section 13-21-115 who were in possession of real property and legally responsible for the

condition of certain real property or for the activities conducted or circumstances existing on the real property located at Walmart Supercenter Store number 2892 address 11101 S. Parker Road, Parker, CO 80134.

42. On or about November 5, 2017, Plaintiff Jennifer Leeling was an invitee of the Walmart Supercenter Store number 2892 at 11101 S. Parker Road, Parker, CO 80134 within the meaning of C.R.S. §13-21-115.

43. At all times relevant hereto, Defendants Walmart were landowners and were legally responsible for the condition of the Premises and property at 11101 S. Parker Road, Parker, CO 80134.

44. Defendants Walmart individually and/or collectively were legally responsible for creating a dangerous condition on the real property located at 11101 S. Parker Road, Parker, CO 80134.

45. Defendants Walmart were responsible for creating a risk of injury on the property located at 11101 S. Parker Road, Parker, CO 80134.

46. On or about November 5, 2017, a risk of injury existed on the Defendants Walmart's Premises due to water puddling on the floor where customers walked.

47. A worker saw the water on the floor and left the location without first putting up warning signs or roping off the water area.

48. This dangerous condition was one that Defendants Walmart knew of or reasonably should have known about in sufficient time to have removed it, corrected it or warned customers to avoid it.

49. The risk of injury created by the water puddling on the floor was a risk that Defendants Walmart knew of or reasonably should have known about in sufficient time to have removed it.

50. The risk of injury created by the water puddling on the floor was a risk that Defendants Walmart knew of or reasonably should have known about in sufficient time to have corrected it.

51. The risk of injury created by the water puddling on the floor was a risk that Defendants Walmart knew of or reasonably should have known about in sufficient time to have notified customers to avoid it.

52. The injuries sustained by Plaintiff Jennifer Leeling could have been prevented by

Defendant Walmart removing it, correcting it, or adequately warning Plaintiff that a dangerous condition existed.

53. The injuries sustained by Plaintiff Jennifer Leeling could have been prevented by Defendant Walmart removing it, correcting it, or adequately warning Plaintiff that a risk of injury existed.

54. The Defendants Walmart failed to use reasonable care to protect Plaintiff Jennifer Leeling against the danger of the water on the floor.

55. The Defendants Walmart failed to use reasonable care to protect Plaintiff Jennifer Leeling against the risk of injury of water on the floor.

56. Defendants Walmart knew or should have known of the unsafe conditions in the Premises Walmart Supercenter Store number 2892 at 11101 S. Parker Road, Parker, Colorado 80134.

57. The unsafe, hazardous and dangerous condition of the puddle in the walkway on the Premises was a cause of injuries to Plaintiff Jennifer Leeling.

58. Defendants Walmart's failure to exercise reasonable care to protect against dangers of which it actually knew or should have known was a cause of Plaintiff Jennifer Leeling's injuries.

59. Defendants Walmart had a duty to use reasonable care to maintain the Premises in a reasonably safe condition.

60. It was foreseeable that leaving water on the floor where customers walked created a risk of injury to customers.

61. Defendants Walmart breached the duty of care owed to Plaintiff Jennifer Leeling by creating a dangerous condition on the Premises located at 11101 S. Parker Road, Parker, Colorado 80134, by allowing the dangerous condition to remain and by failing to place warning signs.

62. Defendants Walmart breached their duty of care owed to Plaintiff Jennifer Leeling by creating a risk of injury on the premises located at 11101 S. Parker Road, Parker, Colorado 80134, by allowing water to puddle on the floor in a walk area.

63. Defendants Walmart breached their duty of care owed to Plaintiff Jennifer Leeling by failing to place a warning sign of the water on the floor.

64. Defendants Walmart's acts and/or omissions collectively and individually, caused Plaintiff Jennifer Leeling to suffer emotional and physical injuries, damages and losses as more fully alleged in this Complaint and Plaintiff Jennifer Leeling claims for the same.

**SECOND CLAIM FOR RELIEF**
*IN THE ALTERNATIVE ONLY* **TO THE FIRST CLAIM FOR RELIEF, ABOVE**
**(Negligence and Negligence Per Se Against Non-Landowners Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc. and John and/or Jane Does 1-10)**

65. Plaintiffs hereby incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

66. Upon information and belief that not all of Defendants and John and/or Jane Does 1-10 are landowners as described above and this claim for relief is pled in the alternative only.

67. Defendants and John and/or Jane Does 1-10 had a duty to eliminate any hazards to the safety of the people who were on the Premises, if such elimination was possible.

68. Defendants and John and/or Jane Does 1-10 had a duty to guard against any hazards they were unable to eliminate, if such guarding was possible.

69. Defendants and John and/or Jane Does 1-10 had a duty to warn persons who were on the Premises of any hazards that they were unable to eliminate or properly guard against.

70. Defendants and John and/or Jane Does 1-10 failed to use reasonable care to protect against dangers on the property.

71. Said Defendants' failures were a cause of Plaintiffs' injuries, damages and losses.

72. Defendants and John or Jane Does 1-10 failed to comply with applicable statutes, laws, ordinances, codes, regulations and standards regarding the safety of the premises.

73. The aforementioned statutes, laws, ordinances, codes, regulations and standards were enacted to protect persons such as Plaintiff Jennifer Leeling from the harm of the type inflicted upon her. As such, the Defendants and John and/or Jane Does 1-10s' violations of said statutes, laws, ordinances, codes, regulations and standards constitute negligence per se.

74. The conduct of Defendants and John and/or Jane Does 4-10 was negligent and constitutes negligence per se.

8

75. As a direct and proximate result of Defendants' and John and/or Jane Does 1-10's acts, omissions and conduct, Plaintiff Jennifer Leeling suffered emotional, physical injuries, damages and losses as alleged in this Complaint and Plaintiff claims for the same.

## JURY DEMAND

Plaintiffs request a trial to a jury of six (6) persons on all issues so triable.

WHEREFORE, the Plaintiffs Jennifer Leeling and Tony Leeling respectfully request that judgment be entered in their favor and against Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc. and John and/or Jane Does 1-10 in an amount which will fully compensate them for the damages they have sustained to the full extent allowed by law, including but not limited to economic and non-economic damages as provided for under Colorado Law as well as costs, including expert witness fees, pre and post judgment interest at the maximum amount allowed by law, and/or moratory interest, attorney's fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of November 2019.

*Pursuant to C.R.C.P. 121 §1-26(9), original signature on file at the offices of JAMES MUNAFO & ASSOCIATES, P.C.*
/s/ *James L. Munafo,Jr.*
James L. Munafo, Jr., Reg. No. 29991

PLAINTIFFS' ADDRESS:
11356 Lovage Way, Parker, Colorado 80134.

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*