| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO<br>Court Address:  1437 Bannock Street<br>                       Denver, CO 80202<br>Phone Number:  720-865-8301 | DATE FILED: October 1, 2019 4:30 PM<br>FILING ID: 772383FDE89D7<br>CASE NUMBER: 2019CV33801 |
| Plaintiff(s):  JENNIFER LEELING and TONY LEELING<br><br>v.<br><br>Defendant(s):  WAL-MART STORES, INC., a foreign corporation, WALMART, INC., a foreign corporation, WAL-MART REAL ESTATE BUSINESS TRUST, a foreign corporation, WAL-MART ASSOCIATES, INC. a foreign corporation and JOHN AND JANE DOES 1-10. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiffs:<br>James L. Munafo Jr.<br>JAMES MUNAFO & ASSOCIATES, P.C.<br>19751 E. Mainstreet, Suite 355<br>Parker, CO 80138<br>Telephone: (303) 805-7430<br>Fax: (303) 805-0662<br>jamesmunafo@legalhelpcolorado.com<br>Attn. Reg. # 29991 | Case No.<br><br>Division: |

**COMPLAINT AND JURY DEMAND**

     Plaintiffs Jennifer Leeling and Tony Leeling, by and through their attorneys, James Munafo and Associates, P.C., James L. Munafo Jr., for their Complaint against the Defendants, Wal-Mart Stores, Inc., a foreign corporation, Walmart, Inc., a foreign corporation, Wal-Mart Real Estate Business Trust, a foreign corporation, Wal-Mart Associates, Inc., a foreign corporation and John and Jane Does 1-10 state and allege as follows:

**GENERAL ALLEGATIONS**

1.   Plaintiff, Jennifer Leeling (hereafter "Plaintiff Jennifer Leeling" or "Mrs. Leeling"), was at all times relevant hereto, is a citizen and resident of the County of Douglas, State of Colorado and had a residential address located at 11356 Lovage Way, City of Parker, Douglas County, Colorado 80134.

2.   Plaintiff Tony Leeling (hereafter "Plaintiff Tony Leeling" or "Mr. Leeling"), was at all

1

times relevant hereto, is a citizen and resident of the County of Douglas, State of Colorado and had a residential address located at 11356 Lovage Way, City of Parker, Douglas County, Colorado 80134.

3. Upon information and belief, the Defendant Wal-Mart Stores, Inc. is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principle office located at 708 SW 8th Street, Bentonville, AR 72716.

4. Upon information and belief, the Defendant Walmart, Inc. is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principle office located at 708 SW 8th Street, Bentonville, AR 72716.

5. Upon information and belief, the Defendant Wal-Mart Real Estate Business Trust is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principle office located at 708 SW 8th Street, Bentonville, AR 72716.

6. Upon information and belief, the Defendant Wal-Mart Associates, Inc. is a foreign corporation created and/or incorporated under the laws of the State of Delaware authorized to do business in the State of Colorado with its principal office located at 708 SW 8th Street, Bentonville, AR 72716.

7. Upon information and belief, Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc. (hereafter "Defendants Walmart") were landowners of real property located at Walmart Supercenter Store number 2892 with an address 11101 S. Parker Road, Parker, CO 80134 (hereafter "Premises").

8. Upon information and belief at all times relevant on or about November 5, 2017, Defendants Walmart were engaged in the business of operating a retail store, the property located at 11101 S. Parker Road, Parker, CO 80134, store number 2892.

9. Upon information and belief at all times relevant on or about November 5, 2017, Defendants Walmart were engaged in the business of operating retail stores at the following locations in the City and County of Denver:
   a. 9400 E. Hampden Avenue, Denver, Colorado 80231
   b. 7800 Smith Road, Denver, Colorado 802017
   c. 2770 W. Evans, Denver, Colorado 80219
   d. 5957 W. 44th Avenue, Denver, Colorado 80212
   e. 1442 S. Parker Road, Denver, CO 80231
   f. 5141 Chambers Road, Denver, CO 80239

2

10. Defendants Does 1-10 were entities, persons, employees and/or agents of Defendants Walmart who were responsible for or involved with maintenance, store cleaning, sweeping, and mopping of the Property located at 11101 S. Parker Road, Parker, CO 80134, store number 2892. Plaintiffs reserves the right to substitute the actual names of the Defendants' entities, persons, employees and/or agents as they become known under the doctrines of negligence, agency, vicarious liability or respondeat superior.

11. The incident that forms the basis for this lawsuit occurred on or about November 5, 2017 and involves Plaintiff Jennifer Leeling's slip and fall whereby she suffered serious injuries that occurred inside the Walmart Super Center Store number 2892 in Douglas County located at 11101 S. Parker Road, Parker, CO 80134.

12. Venue is proper in the City and County of Denver pursuant to C.R.C.P. 98(c)

13. On or about November 5, 2017, Plaintiff Jennifer Leeling and her husband Plaintiff Tony Leeling were lawfully on the Premises at 11101 S. Parker Road, Parker, CO 80134. They had entered the store to shop when Jennifer Leeling slipped and fell on water that had puddled on the floor.

14. Upon information and believe, Plaintiff Jennifer Leeling slipped and fell on a puddle of water that had accumulated from a floor cleaning machine or hose connected to a cleaning machine.

15. Defendants Walmart created the dangerous condition by allowing water to puddle on the floor in a walking area where shoppers would be expected to travel as they entered the store.

16. Defendants Walmart knew that shoppers would walk in the area where the water accumulated on the floor.

17. Defendants Walmart had knowledge or should have known of the water puddle on the floor prior to Plaintiff Jennifer Leeling's slip and fall.

18. After creating the dangerous condition, Defendants Walmart failed to clean up the water in a timely manner.

19. After creating the dangerous condition, Defendants Walmart failed to place caution signs warning of the dangerous condition presented by the slippery wet floor.

20. After creating the dangerous condition, Defendants Walmart failed to block off the area around the puddle to prevent people from waking through the water.

21. At all times relevant hereto, Defendants Walmart were landowners in control and/or

possession of the real property located at Walmart Superstore Store number 2892 address 11101 S. Parker Road, Parker, CO 80134.

22. At all times relevant hereto, Plaintiffs were customers at the Walmart Supercenter Store number 2892 address 11101 S. Parker Road, Parker, CO 80134.

23. As a direct and proximate result of Defendants Walmart's negligence, Plaintiff Jennifer Leeling suffered serious injuries emotional and physical injuries, damages and losses as a direct and proximate result of the conduct of Defendants Walmart.

24. As a direct and proximate result of the Defendants Walmart's failures, the Plaintiff Jennifer Leeling sustained damages including:

    a.    Temporary and permanent bodily injury, physical impairment and disfigurement;

    b.    Temporary and permanent physical pain and suffering;

    c.    Temporary and permanent mental pain, suffering, and distress and mental and emotional damage;

    d.    Temporary and permanent limitations of activities and diminution of her quality of life;

    e.    Temporary and permanent loss of earnings, earning capacity, employment benefits and retirement; and

    f.    Past, present and future medication, medical, rehabilitation and other healthcare and employability related expenses as a result of the injuries sustained in the subject incident.

25. At the time of the incident, Plaintiffs Jennifer and Tony Leeling were married as husband and wife at the time Mrs. Leeling was injured.

26. As a direct and proximate result of Defendants Walmart's negligence, Plaintiff Tony Leeling suffered a loss of the love, comfort, affection, society, aid, household services and companionship of his wife, Jennifer Leeling and will continue to suffer said losses in the future.

**FIRST CLAIM FOR RELIEF**
**(C.R.S. § 13-21-115) against landowners Defendants Wal-Mart Stores, Inc., Walmart, Inc.,**
**Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc.**

27. Plaintiffs hereby incorporate by reference each and every paragraph of this Complaint into this claim for relief as if set forth verbatim.

28. At all times relevant hereto, Defendants Walmart were "landowners" as defined in C.R.S. section 13-21-115 who were in possession of real property and legally responsible for the condition of certain real property or for the activities conducted or circumstances existing on the real property located at Walmart Supercenter Store number 2892 address 11101 S. Parker Road, Parker, CO 80134.

29. On or about November 5, 2017, Plaintiffs were invitees of the Walmart Supercenter Store number 2892 at 11101 S. Parker Road, Parker, CO 80134 within the meaning of C.R.S. §13-21-115.

30. At all times relevant hereto, Defendants Walmart were landowners and were legally responsible for the condition of the Premises and property at 11101 S. Parker Road, Parker, CO 80134.

31. Defendants Walmart individually and/or collectively were legally responsible for creating a dangerous condition on the real property located at 11101 S. Parker Road, Parker, CO 80134.

32. On or about November 5, 2017, a dangerous condition existed on the Defendants Walmart's Premises.

33. This dangerous condition was one that Defendants Walmart knew of or reasonably should have known about in sufficient time to have removed it, corrected it or adequately warned persons it existed.

34. The injuries sustained by Plaintiff Jennifer Leeling could have been prevented by Defendant Walmart removing it, correcting it, or adequately warning Plaintiff that the dangerous condition existed.

35. The Defendants Walmart failed to use reasonable care to protect Plaintiff Jennifer Leeling against the danger on the Premises.

36. Defendants Walmart knew or should have known of the unsafe conditions in the Premises Walmart Supercenter Store number 2892 at 11101 S. Parker Road, Parker, Colorado 80134.

37. The unsafe, hazardous and dangerous condition of the puddle in the walkway on the Premises was a cause of injuries to Plaintiff Jennifer Leeling.

38. Defendants Walmart's failure to exercise reasonable care to protect against dangers of which it actually knew or should have known was a cause of Plaintiff Jennifer Leeling's injuries.

39. Defendants Walmart had a duty to use reasonable care to maintain the Premises in a reasonably safe condition in view of the foreseeability of injuries to others.

40. Defendants Walmart breached the duty of care owed to Plaintiff Jennifer Leeling by creating a dangerous condition on the Premises located at 11101 S. Parker Road, Parker, Colorado 80134 by allowing the dangerous condition to remain and by failing to place warning signs to the public.

41. Defendants Walmart's acts and/or omissions collectively and individually, caused Plaintiff Jennifer Leeling to suffer emotional and physical injuries, damages and losses as more fully alleged in this Complaint and Plaintiff Jennifer Leeling claims for the same.

**SECOND CLAIM FOR RELIEF**
***IN THE ALTERNATIVE ONLY* TO THE FIRST CLAIM FOR RELIEF, ABOVE**
**(Negligence and Negligence Per Se Against Non-Landowners Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc. and John and/or Jane Does 1-10)**

42. Plaintiffs hereby incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

43. Upon information and belief that not all of Defendants and John and/or Jane Does 1-10 are landowners as described above and this claim for relief is pled in the alternative only.

44. Defendants and John and/or Jane Does 1-10 had a duty to eliminate any hazards to the safety of the people who were on the Premises, if such elimination was possible.

45. Defendants and John and/or Jane Does 1-10 had a duty to guard against any hazards they were unable to eliminate, if such guarding was possible.

46. Defendants and John and/or Jane Does 1-10 had a duty to warn persons who were on the Premises of any hazards that they were unable to eliminate or properly guard against.

47. Defendants and John and/or Jane Does 1-10 failed to use reasonable care to protect against dangers on the property.

48. Said Defendants' failures were a cause of Plaintiffs' injuries, damages and losses.

49. Defendants and John or Jane Does 1-10 failed to comply with applicable statutes, laws, ordinances, codes, regulations and standards regarding the safety of their premises.

50. The aforementioned statutes, laws, ordinances, codes, regulations and standards were enacted to protect persons such as Plaintiff Jennifer Leeling from the harm of the type inflicted upon her.  As such, the Defendants and John and/or Jane Does 1-10s' violations of said statutes, laws, ordinances, codes, regulations and standards constitute negligence per se.

51. The conduct of Defendants and John and/or Jane Does 4-10 was negligent and constitutes negligence per se.

52. As a direct and proximate result of Defendants' and John and/or Jane Does 1-10's acts, omissions and conduct, Plaintiff Jennifer Leeling suffered emotional, physical injuries, damages and losses as alleged in this Complaint and Plaintiff claims for the same.

## **JURY DEMAND**

Plaintiffs request a trial to a jury of six (6) persons on all issues so triable.

WHEREFORE, the Plaintiffs Jennifer Leeling and Tony Leeling respectfully request that judgment be entered in their favor and against Defendants Wal-Mart Stores, Inc., Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Associates, Inc. and  John and/or Jane Does 1-10 in an amount which will fully compensate them for the damages they have sustained to the full extent allowed by law, including but not limited to economic and non-economic damages as provided for under Colorado Law as well as costs, including expert witness fees, interest at the maximum amount allowed by law, moritory interest, attorney's fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of October 2019.

*Pursuant to C.R.C.P. 121 §1-26(9), original signature on file*
*at the offices of JAMES MUNAFO & ASSOCIATES, P.C.*
/s/ *James L. Munafo,Jr.*
James L. Munafo, Jr., Reg. No. 29991

PLAINTIFFS' ADDRESS:
11356 Lovage Way, Parker, Colorado 80134.

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party*
*and will be made available for inspection by other parties or the Court upon request.*